## WILLIAM SMALL v. ERASTUS WHEATON.

Where a judgment remained unpaid more than five years, and the defendant procured a discharge as an insolvent debtor; *held*, that the discharge having been heretofore adjudged by this court invalid, the plaintiff should have leave to issue execution.

On a motion for such leave, the court cannot inquire into the effect the execution may have upon purchasers of real estate, sold by the defendant before the invalidity of his discharge was declared.

APPEAL from an order granted at special term, allowing the plaintiff to issue execution upon an unpaid judgment, docketed more than five years before. The defendant had received from a justice of the Superior Court a discharge as an insolvent debtor, upon the petition of creditors representing two thirds of the demands existing against him. The discharge had been adjudged void by this court. (See *ante*, p. 306.) The defendant produced an affidavit showing that the design of the execution was to reach real estate in the hands of his grantees.

*James S. Sandford* and *David Dudley Field*, for the defendant.

*Henry S. Lincoln* and *Wm. M. Evarts*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The defendant appeals from an order of the court at special term, permitting an execution to issue in this action upon a judgment recovered more than five years since.

It is not denied that the whole of the amount of the judgment is still unpaid, and the only defence to it is the insolvent discharge of the defendant. This discharge has been held by this court to be void, for want of jurisdiction in the

officer granting it. (a)   That decision is conclusive so far as this court has the matter before them, and that decision cannot be reviewed in this motion.

The case is thus presented, whether upon a judgment admitted to be unsatisfied, the plaintiff should have execution, when the only obstacle to the recovery was an insolvent discharge, which has been held to be void.   The mere statement of the proposition furnishes the answer.   If the judgment is unpaid, and there is no valid defence, the motion should be granted.

It is also objected, that an execution on this judgment will reach real property that has been sold.   With that we have nothing to do.   Any purchaser of such real estate had the means of knowing of the existence of the judgment, and with such knowledge, he took the property subject thereto.   If the discharge was valid, he would hold it free from the judgment; if not, the plaintiff's rights should not be sacrificed because the purchaser trusted to what has turned out to be no protection.

Order at special term affirmed.